# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 5, 2017

Stephen J. Markman,
Chief Justice

151310

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

SC: 151310
COA: 324096
Wayne CC:  05-010832-FH;
               08-003200-FC;
               08-003209-FC

ZOUELFIKAR MAHMOUD NEHMEH,
        Defendant-Appellant.
_____/

      By order of June 28, 2016, the application for leave to appeal the March 12, 2015 order of the Court of Appeals was held in abeyance pending the decision in *People v Roark* (Docket No. 152562). On order of the Court, the case having been decided on May 31, 2017, 500 Mich ___ (2017), the application for leave to appeal the March 12, 2015 order of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Wayne Circuit Court to reappoint attorney Arthur Landau, if feasible, to represent the defendant as on direct appellate review. If this appointment is not feasible, the trial court shall appoint other counsel to represent the defendant. See *Halbert v Michigan*, 545 US 605; 125 S Ct 2582; 162 L Ed 2d 552 (2005). Based on our review of the record, the circuit court granted original appointed appellate counsel's motion to withdraw and appointed substitute appellate counsel, who failed to act on the defendant's behalf within the time for direct appeal before the circuit court appointed attorney Landau in his stead. Thus, through no fault of the defendant, he lost the right to direct review of his convictions and sentences. On remand, substitute appellate counsel, once appointed, may file an application for leave to appeal in the Court of Appeals for consideration under the standard for direct appeals, and/or any appropriate postconviction motions in the circuit court, within six months of the date of the circuit court's order appointing or reappointing counsel. Counsel may include among the issues raised, but is not required to include, the issues that he raised on behalf of the defendant in his motion for relief from judgment that was filed in 2014.

      We do not retain jurisdiction.

      WILDER, J., did not participate because he was on the Court of Appeals panel.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 5, 2017



Clerk

p0928